## BOB TIPTON V. THE STATE.

No. 20622. Delivered December 6, 1939.
Rehearing Denied January 31, 1940.

The opinion states the case.

*Grady Hazelwood,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted of forgery and given a penalty of two years in the penitentiary.

As the record will indicate in this case, the chief defense was insanity. That issue was properly submitted and the jury's verdict is contrary to the appellant's plea.

We are asked to reverse the case on the argument of the prosecuting attorney. It is admitted in the appellant's brief, and we think the admission is warranted, that no one of the statements made by the prosecuting attorney, taken alone, would justify a reversal of the case. It is contended, however, that all of the arguments complained of, considered together, present reversible error. Conceding that such may be the case, still in the case at bar the statements of the prosecuting attorney, even if they were considered to be of an inflammatory nature, did not bear that relationship to the issue of insanity which would, in the least, be calculated to influence the minds of the jury on that particular issue. Only one statement complained of related to insanity, and this bill is so qualified as to make the statement proper. If they had any effect, it would have been reflected in a more severe penalty. To the contrary, we find that the jury returned the lowest penalty which they were permitted to assess under the court's charge. In the case before us, even if it should be conceded that the statements of the District Attorney were out of the record and inflammatory, it appears perfectly clear that they did not influence the jury in returning their verdict and would, therefore, be considered harmless.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant again complains because of the remarks of the district attorney in his argument to the jury, and also takes issue with some of the statements in our original opinion herein. He takes issue with the opinion wherein it states that: "It is admitted in the appellant's brief, and we think the admission is warranted, that no one of the statements made by the prosecuting attorney, taken alone, would justify a reversal of the case. It is contended, however, that all of the arguments complained of, considered together, present reversible error."

Appellant contends that probably such a conclusion might be drawn from his argument relative to bills Nos. I, II and VII, but when taken together with his other bills, he renews his contention that same evidence serious error.

Appellant's bill No. III, as qualified by the court, seems to have been an argument invited by the prior argument of appellant's attorney. We are not in accord with appellant's contention that same necessarily referred to appellant's witness Dr. Swindell.

Bill of exceptions No. V complains because of the following argument of the district attorney: "Fellows like this one (referring to the defendant) who is a fraud, a cheat and a thief, and he got money that did not belong to him, and probably has been practicing upon it for years." The facts show that appellant did get money by means of what the State contended was a finished piece of forgery, hard to detect, doubtless evidencing experience in copying the signature of others, so the State claimed, appellant's main objection going to the use of the word "thief." We must confess there seems to us to be very little difference between obtaining a person's money by a fraudulent taking and a forged instrument, knowing the same to be forged. We do not think this is a reversible matter.

Appellant's bill of exceptions No. VI is concerned with the abstract statement made by the district attorney that "Lying, cheating and stealing all go hand in hand." This is possibly a matter of opinion alone, but the State claimed that there was in evidence certain statements that were unreasonable, contradictory and unbelievable which appellant claimed showed a condition of insanity, but which the State claimed were pure fabrications. We see no serious error evidenced by such a statement.

We do not mean to hold herein that an error committed in the trial of a case is always cured by the fact that the jury awarded the accused the minimum penalty. We do mean to hold, however, that we see no error of a serious nature evidenced by appellant's bills of exception.

The question of appellant's sanity was properly presented to the jury under appropriate instructions, and their finding against him is supported by the State's evidence.

The motion is overruled.